# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HOT SPRINGS DIVISION

| | | |
|---|---|---|
| DOE, R.C., Individually, and as Parent of K.D., Student<br><br>Plaintiff<br><br>v.<br><br>MALVERN SCHOOL DISTRICT,<br><br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. _______________ |

---

## COMPLAINT TO RECOVER IDEA FEES AND COSTS

---

R.C. for her Complaint states:

## I. SUMMARY OF CLAIMS

1. This is an action to recover attorney's fees and costs under the Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. § 1400 et seq. Specifically, pursuant to 20 U.S.C. 1415(i)(3)(B)(I), the Parent is entitled to an award of attorney's fees and costs as a "prevailing party" in an administrative proceeding conducted under

the direction of the Arkansas Department of Education[1] and filed by the Malvern School District.

2. R.C. ("Parent") is the Parent of K.D. as defined by 20 U.S.C. §1401(23). K.D. is a "Child with a disability" as such is defined in 20 U.S.C. 1401(3). Parent, R.C., was the named Party in the Expedited Due Process Hearing filed by the Malvern School District on October 17, 2023.

3. An Expedited Due Process Hearing was held on November 15-16, 2023, under the direction of the Arkansas Department of Education; and a Final Decision and Order was entered on December 6, 2023, by the assigned Hearing Officer.

4. The Parent is the prevailing party in the proceedings under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, *et seq.*, on behalf of K.D., in the action brought by the Malvern School District ("District").

---

[1] Expedited Due Process Hearing, ADE Case No. EH-24-17.

5. Parent seeks to recover reasonable attorneys' fees and costs from the District pursuant to 20 U.S.C. §1415(i)(3) associated with the Expedited Due Process Hearing.

## II. VENUE AND JURISDICTION

6. Parent and K.D. both reside in Clark County, Arkansas. K.D. is enrolled as a Student in the Malvern School District and has been since she started school.

7. The District's principal place of business is located in Hot Spring County, Arkansas. *See* 20 U.S.C. §1391(b)(1), (c)(2).

8. A substantial part of the events or omissions giving rise to this claim occurred in Hot Springs County, Arkansas. *See* 20 U.S.C. §1391(b)(2).

9. Clark County and Hot Springs County are both located in the Western District of Arkansas, Hot Springs Division. *See* 28 U.S.C. §83(b)(6).

10. This Court has jurisdiction of Parent's IDEA attorneys' fees claim against the District pursuant to 20 U.S.C. §1415(i)(3).

## III. STATEMENT OF FACTS

11. R.C. is the Parent of Kaylee Delaney as defined by the IDEA, 20 U.S.C. §1401(23).

12. K.D., age 13 (DOB: 12/21/2009), is a child with a disability as defined by the IDEA, 20 U.S.C. §1401(3). K.D. has been diagnosed with Autism Spectrum Disorder ("Autism" "ASD") and exhibits profound deficits in cognitive and academic functioning. K.D.'s estimated overall functioning level is equivalent to that of a 2 year old. K.D. is also non-verbal and unable to communicate her wants and needs - except using gestures, grunting and crying.

13. K.D. is in the eighth grade at Malvern Middle School in the Malvern School District ("District").

14. K.D. is transported to school by her Parent and arrives at school at 7:30 a.m. and leaves when school is dismissed at 3:30 p.m. K.D. receives her medically necessary therapies of Occupational Therapy ("OT"), Speech Therapy ("ST"), Physical Therapy ("PT"), and Applied Behavior Analysis Therapy ("ABA") from Pediatrics Plus at

“The Farm” ("the Farm”) located in Benton, Arkansas. The therapies K.D. receives consisted of around 4 hours. The remainder of K.D.’s school day (1:30 - 3:30 pm) is spent at the District where the District is charged with implementing various educational goals on K.D.’s Individualized Education Plan (“IEP”).

15. The District is required by K.D.’s IEP to provide the related service of transportation to and from the Farm, including a transportation aide.

16. K.D. is potty trained when it comes to urinating, but wears a diaper for bowel movements. It is undisputed that K.D. had problems with diarrhea and constipation associated with a new medication, Metformin, that she was placed on during 2023.

17. The Parent transports K.D. to school daily from their home in Arkadelphia to Malvern which is about a 30 minute drive. K.D.’s bowel movements cannot be controlled according to her doctor, and because of that, sometimes the Parent has had to pull over to change K.D.’s diaper on the way to school.

18. However, when K.D. began wiping poop on the bus or car during the time the District was transporting her to communicate that she needed her diaper changed — the District sought to change her placement "to a residential treatment " facility.

19. On October 17, 2023, the District filed a due process Complaint with the ADE requesting a Due Process Hearing and asserting jurisdiction pursuant to 20 U.S.C. §1415(k)(1)(G)(iii) that provides:

> **Special Circumstances**. School personnel may remove a student to an interim alternative educational setting for not more than 45 school days without regard to whether the behavior is determined to be a manifestation of the child's disability, in cases where a child . . . has ***inflicted serious bodily injury upon another person*** while at school, on school premises, or at a school function under the jurisdiction of a State or local educational agency.

(emphasis supplied)

20. The ADE identified the case as EH-24-17 and assigned the case to an impartial Due Process Hearing Officer ("HO").

21. The HO heard the evidence over two days which consisted of three witnesses, 243 pages of exhibits, and numerous videos and movies depicting the Student in various locations and venues which were orchestrated and recorded by the District.

22. At the Hearing, the District presented no proof that residential placement was appropriate for K.D. or that K.D. wiping poop "was substantially likely to result in injury" for K.D. or for others.

23. On December 6, 2023, the HO issued her Final Decision and Order finding in favor of Parents and denying the District's request to move K.D. to a interim alternative placement.

24. The HO's Final Decision and Order in EH-24-17 is attached hereto as **Exhibit A** and incorporated by reference pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

## IV. CLAIMS

### Count I

### IDEA Attorneys' Fees and Costs

25. Parent is the prevailing party in an action or proceeding under the IDEA and may be awarded reasonable attorneys' fees and costs from the District. *See* 20 U.S.C. §1415(i)(3)(B)(i).

26. The HO's decision denied the Districts request to change K.D.'s educational placement and materially altered the legal relationship between the parties by modifying the District's behavior in a way that directly benefited K.D. *See Birmingham v. Omaha Sch. Dist.*, 298 F.3d 731, 734 (8th Cir. 2002).

27. The District had 90 days to appeal the HO's decision. *See* 20 U.S.C. §1415(i)(2)(B) (90 days to appeal). The District did not file a timely appeal.

28. The IDEA does not establish a limitations period for an IDEA fee claim. *See* 20 U.S.C. §1415(i)(3). The Eighth Circuit has established a 90-day limitations period that starts when the losing party's time to appeal runs out, or 180 days from the HO's decision. *See Richardson v. Omaha Sch. Dist.*, 957 F.3d 869, 875-76 (8th Cir. 2020), cert. denied, 141 S. Ct. 2851 (2021); 20 U.S.C. §1415(i)(2)(B)

(90 days to appeal). June 3, 2024, is 180 days from the HO's decision. Accordingly, Parent's IDEA fee claim is timely.

29. Parent reasonably incurred attorneys' fees and costs of $24,384.19 to prevail in EH-24-17.

30. Parent offered to compromise and settle her claim for attorneys' fees and costs, but the District rejected Parent's offer and failed to make a counteroffer. Accordingly, Parent has been forced to incur additional attorneys' fees and costs to file this action.

WHEREFORE, Parents pray that the District be ordered to pay Parents their IDEA attorneys' fees and costs as the prevailing party in proceedings under the IDEA; and, that Parents be awarded all other just and proper relief to which they may be entitled under the law and the facts.

Respectfully submitted,

Theresa L. Caldwell
Arkansas Bar Number 91163
Attorney for Plaintiffs

**CALDWELL LAW OFFICE**
14 Alban Lane
Little Rock, Arkansas 72223
Tel.: 501-414-0434
E-mail: theresa@specedattorney.com